HUDSON v. EAST TENN., VA. & GA. RAILWAY CO.

The declaration, with the amendment which was disallowed, if not without it, contained a good cause of action, and the court erred in not allowing the amendment and in dismissing the action.

June 11, 1894. Argued at the last term.

Action for damages. Before Judge VAN EPPS. City court of Atlanta. March term, 1893.

The suit was to recover the value of the life of Hudson, a son of plaintiff, eighteen years old, unmarried and childless, who contributed to her support, she being dependent on him for the same. Defendant moved to dismiss the declaration as setting forth no cause of action. The court announced that he would sustain the motion; whereupon plaintiff offered an amendment. This the court refused to allow, on the ground that there was nothing in the declaration to amend by; and dismissed the case. Plaintiff excepted.

The declaration alleges, that on February 25, 1891, Hudson was in defendant's yard where he had been working for several days to learn the yard, by the license, permission and consent of defendant. He was not employed by defendant, but was allowed and permitted by it to stay in the yard that he might learn the yard and do odd jobs without pay, and had been promised a regular job by defendant. He had just stepped off of one track in the yard to avoid a moving train, and had stepped upon another track, and was watching a train of the Atlanta & Florida railroad that was moving through the yard, when defendant's servants in charge of a switch-engine, suddenly and without notice or warning to him, " kicked" a freight-car back on the track on which he was standing, and it ran over him and produced such injuries that he died in a short time. Defendant's servants were negligent in " kicking " the car back instead of moving it in the regular manner by pushing it with the engine; and in not seeing Hudson on the track when they ought to and could have seen him if they had looked. Neither the conductor, engineer nor fireman of the engine was on the lookout, and had put no one else on the lookout. The train-hand whose duty required him to be on the front or forward end of the train when moving, was out of his place and on the end of the car nearest the engine, and did not try to look to see whether any one was standing on the track. All of said acts and omissions constitute gross and criminal negligence, and show a wanton disregard of the life of Hudson, who was entirely free from fault and in no way contributed to the cause of his death. He was standing, when the car was " kicked " back, sufficiently far from the end of it for the crew of the engine to have seen him, and had been standing on the track long enough for them to know that he was on the track. He did not know, and could not have known, that it

was their intention to move said car or "kick" it over the ground he occupied. The spot where he was killed was adjacent to the stopping-place of the Atlanta & Florida and defendant's passenger-trains, and was the public landing-place where the passengers of said trains embarked and disembarked; and there was a constant by-path used by the public, with the knowledge and acquiescence of the defendant, over the track at the spot where Hudson was killed. At the time he was killed an Atlanta & Florida passenger-train was at said point; and by reason of all the foregoing facts, a greater duty was imposed on defendant to exercise care and caution in moving trains along at this point.

The amendment alleges, that when Hudson stepped upon the track on which he was killed, to avoid the Atlanta & Florida train, his attention was attracted by said train and the din and clatter in the yard and the hissing of steam on said train, and he was looking at it; and that the employees in said yard constantly walked or stood on said track, and the public frequently stood there; and the servants of defendant in charge of the train that killed him knew these facts.

E. M. & G. F. MITCHELL and ARNOLD & ARNOLD, for plaintiff. DORSEY, BREWSTER & HOWELL, for defendant.

SIMMONS, Justice.

Under the facts alleged in the declaration and the amendment thereto, the court erred in sustaining the demurrer. The court ought to have allowed the jury to pass on the question whether the company was negligent in "kicking" the cars at so public a place as the one described in the declaration, and upon the question whether there was negligence on the part of the plaintiff, barring his right to recover. These questions are more appropriate for the jury than for the court. See 4 Am. & Eng. Enc. of Law, p. 935, and authorities cited.

*Judgment reversed.*